UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUIS M. RIVERA,

    Petitioner,

v.                                          Case No. 5:24cv6-MCR-HTC

GOVERNOR OF THE STATE OF
FLORIDA RON DESANTIS,
et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner Luis M. Rivera, proceeding *pro se*, initiated this matter by filing a petition under 28 U.S.C. § 2241, Doc. 1, and paying the filing fee, Doc. 3.  The Court has screened the petition under Rule 4 of the Rules Governing § 2254 Cases,[1] and finds Petitioner has not stated a claim under § 2241 but instead seeks relief only cognizable in an action under 42 U.S.C. § 1983.  Therefore, the undersigned recommends the action be DISMISSED pursuant to Rule 4 without prejudice to Rivera raising these claims in an action under 42 U.S.C. § 1983.

---

[1] The Rules Governing § 2254 Cases apply to cases under 28 U.S.C. § 2241 as well.  N.D. Fla. Loc. R. 5.7(C).

I.   **BACKGROUND**

Luis Rivera is currently a federal prisoner incarcerated at Marianna FCI. In 2015, he was indicted and arrested in the Southern District of Florida in *United States v. Rivera*, 0:15-cr-60094-JIC (S.D. Fla.)[2] and pled guilty (Doc. 464 in that case) to a RICO violation for his role as King Tato, leader of the North Miami branch of the Latin Kings. He was sentenced on November 22, 2016, to 151 months of incarceration. (Doc. 627 in that case).

Meanwhile, in June 2016, Petitioner was also indicted and arrested by state authorities in Leon County for his role as the getaway driver in the murder-for-hire of Florida State University professor Dan Markel by fellow gang member Sigfredo Garcia. *See State v. Rivera*, 2016 CF 1581 (Leon County), Doc. 1-1 at 15. He pled guilty on October 4, 2016, and agreed to cooperate fully[3] with state authorities and to be sentenced to "19 years DOC, no min-man, concurrent with *USA v. Rivera* Case No. 15-60094." Doc. 1-1 at 16-20 (Plea agreement and acknowledgement of rights). He was sentenced the same day to 19 years, *id.* at 23, with the court specifying that the state sentence should run concurrently with any sentence in

---

[2] A court may take judicial notice of state and federal court dockets and pleadings. *See Paez v. Sec'y, Fla. Dept. of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020), discussing Fed. R. Evid. 201.

[3] His state plea agreement is titled a Cooperation Agreement and requires Petitioner "to cooperate fully" with the state attorney, court and any other federal, state or local law enforcement agency. Moreover, it defined cooperation as including attendance at "all trials . . . at which the defendant's presence is requested by the government" and responding "truthfully and completely to all questions . . . at any trial or other court proceeding." Doc. 1-1 at 18-20.

Case No. 5:24cv6-MCR-HTC

"federal case 15-60094." *Id.* at 27.  He is currently serving the federal and state sentences concurrently at the federal prison and expects to be transported to state prison for the remainder of his 19-year state sentence once the 151-month federal sentence is done.

In the habeas petition, Rivera claims that he has been required to cooperate in several trials which has resulted in three convictions, including of a fellow gang member.  He claims he expected to only testify in one trial (against his former gang mate) but was required to testify in three, which resulted in undue publicity.  He also claims this has made him a target of an execute-on-sight order by his former gang. Thus, he alleges he "cannot ever be returned to the custody of the Florida Department of Corrections.  He shall be executed by order of the Latin King Organization and others."  *Id.* at 18-19.  He also alleges he has already been severely beaten at FCI Coleman, *id.* at 11, and that a murder plot against him at Leon County Jail was discovered which forced him to be in solitary confinement at the Jail while he testified at one of the trials.  *Id.*

As for relief, he makes clear that he is not trying to get out of his guilty plea or challenging the fact of his conviction or duration of his sentence.  Doc. 1 at 15-16 ("The Petitioner wants to be clear with the Court and all Parties involved herein, Petitioner is <u>not</u> moving any Court to withdraw his plea.").  Instead, he requests to never be placed in the custody of the Florida Department of Corrections ("FDOC")

and asks the Court to order the FDOC and State of Florida to have him serve his state sentence in federal custody.

## II.   LEGAL STANDARD

Under Rules Governing § 2254 Cases, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Habeas Cases, Rule 4.  Also, in making this determination the Court is not bound by the title that a litigant may have placed on his pleading, but instead, has an obligation to "look beyond the label of a pro se inmate's [pleading] to determine if it is cognizable under a different statutory framework" and, if so, recharacterize the filing based on the substance of the filing and the relief sought.  *See e.g., United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).

## III.  DISCUSSION

As stated above, Petitioner initiated this action by filing a habeas petition under 28 U.S.C. § 2241.  The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody." *Cook v. Hanberry,* 592 F.2d 248, 249 (5th Cir. 1979), *revised by* 596 F.2d 658 (5th Cir.1979).[4]  Challenges to the

---

[4] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Case No. 5:24cv6-MCR-HTC

validity of a conviction and sentence are brought under 28 U.S.C. § 2254; while challenges to the execution of a sentence are properly brought under § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

"Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." *Cook*, 592 F.2d at 248. Thus, a prisoner challenging the conditions of his confinement must do so by filing an action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (observing that a civil rights action under § 1983 is the appropriate means for seeking relief when a state prisoner challenges the conditions of his confinement, but not the fact or length of his incarceration); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core" of habeas corpus).

Here, it is clear that Petitioner is not seeking relief from either his federal or state convictions. He is also not complaining about the manner in which his sentence is being executed. He is not challenging the fact or duration of his incarceration. Instead, out of fear for his safety, he is seeking to have the FDOC place him in a specific facility to carry out his state sentence, namely, a federal institution. As this

Court has previously held, such a claim falls under 42 U.S.C. § 1983[5] and not habeas corpus. *See Obojes v. Florida*, No. 5:09CV194/RS-EMT, 2009 WL 3871933, at *1-2 (N.D. Fla. Nov. 18, 2009) (dismissing habeas petition where relief sought was a "[p]rotective order to remove Petitioner from state custody to serve [his] remaining state sentence in federal custody under lawful conditions, no [ ] longer being 'MARKED' by [a] LARGE file (following him around) and subject to mistreatment & abuse by antagonistic & vindictive staff & officials everywhere he goes"); *see also, White v. Oklahoma Dep't of Corr.*, 2023 WL 6307488, at *2 (10th Cir. Sept. 28, 2023) (denying certificate of appealability on dismissal of habeas petition because petitioner's "request for protective custody or transfer to another prison constitutes a challenge to the conditions of his confinement, rather than to the fact or duration of his confinement"); *Hicks v. Sirmons,* 2008 WL 4533988, at *1 (E.D. Okla. Oct. 3, 2008) ("the issue of his placement in protective custody and whether his facility will continue to place inmates in protective custody … [is] not appropriate for a habeas corpus action and must be raised in a civil rights complaint,

---

[5] If Petitioner seeks to file an action under 42 U.S.C. § 1983, he shall file a new action, utilizing the appropriate complaint form, and submit the appropriate filing fee or a motion to proceed *in forma pauperis*. However, the Court is not making any assessments on whether Petitioner can state a claim under 42 U.S.C. § 1983, as such a claim must be exhausted before suit is filed and may not be ripe for consideration.

pursuant to 42 U.S.C. § 1983"). Because Petitioner is not entitled to the relief he seeks under either 28 U.S.C. § 2254 or § 2241, the petition should be dismissed.[6]

Accordingly, it is RECOMMENDED, that:

1. This action be DISMISSED pursuant to Rule 4 of the Rules Governing § 2254 Cases.

2. The clerk of court be directed to close the file.

At Pensacola, Florida, this 18th day of January, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

[6] A district court can dismiss an action on its own motion as long as the procedure employed is fair. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). To employ a fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008).